UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-24308-ELFENBEIN

**SIRACH VALDEZ**,

    Plaintiff,

v.

**USAA CASUALTY INSURANCE COMPANY**,

    Defendant.
_____/

## ORDER DENYING MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant USAA Casualty Insurance Company's Corrected Motion to Dismiss (the "Motion"), ECF No. [12], and Plaintiff Sirach Valdez's Opposition to the Motion (the "Opposition"), ECF No. [21]. For the reasons explained below, the Motion is **DENIED**.

### I.    BACKGROUND

Plaintiff filed a Complaint and then an Amended Complaint in Florida state court seeking damages from Defendant in connection with underinsured/uninsured motorist insurance benefits that Plaintiff alleges he is due after an automobile accident. *See* ECF Nos. [1-1], [1-2]. Defendant removed Plaintiff's state action to federal court, ECF No. [1], and thereafter filed the Motion, ECF No. [12].[1] Plaintiff then filed an Opposition to the Motion. ECF No. [21].

---

[1] After the Parties consented to allow me to "conduct any and all further proceedings in the case (including the trial) and order the entry of judgment," ECF No. [29], the Honorable K. Michael Moore referred the case to me in its entirety, ECF No. [31]. The referral authorizes me "to take all necessary and proper action as required by law including, if necessary, a jury or nonjury trial and order entry of final judgment" and to "hear and determine any and all pre-trial and post-trial motions, including case-dispositive motions." ECF No. [31]. The Motion falls within the scope of that referral.

In the Motion, Defendant argues that the Amended Complaint should be dismissed because Plaintiff failed to attach to it a copy of the relevant insurance policy. *See generally* ECF No. [12]. Defendant asserts that Florida Rule of Civil Procedure 1.130(a) requires Plaintiff to attach the insurance policy because, under Florida law, a "complaint based on a written instrument does not state a cause of action until the instrument or an adequate portion thereof is attached to or incorporated in the pleading in question." *See* ECF No. [12] at 3. Defendant asks this Court to dismiss the Amended Complaint "pursuant to Florida Rule[s] of Civil Procedure 1.130 and 1.140." ECF No. [12] at 4.

In the Opposition, Plaintiff responds that "in federal court, a plaintiff is not required to attach a copy of the contract to the complaint." *See* ECF No. [21] at 1. Instead, the Amended Complaint "need only comply with" the notice pleading requirements of Federal Rule of Civil Procedure 8 because there is no "federal corollary" to Florida Rule of Civil Procedure 1.130(a). *See* ECF No. [21] at 1–2.

Defendant did not file a reply to the Opposition, and the time for filing such a reply has long passed. As a result, the Motion is ripe for decision.

## II.   LEGAL STANDARDS

As an initial matter, the Court notes that — despite Defendant's request for the Amended Complaint to be evaluated under Florida Rules of Civil Procedure 1.130 and 1.140 — Florida procedural law does not apply here. Once a defendant removes a civil action from state court to federal court, the Federal Rules of Civil Procedure[2] apply. Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."); *see also Hanna v. Plumer*, 380 U.S. 460, 465–474 (1965) (explaining the different ways federal courts sitting in diversity treat state

---

[2] All short form references to a "Rule" refer to the Federal Rules of Civil Procedure. To the extent this Order refers to the Florida Rules of Civil Procedure, it will specify as much.

substantive and state procedural law); *Caster v. Hennessey*, 781 F.2d 1569, 1570 (11th Cir. 1986) ("Although Florida substantive law applies to this diversity action, federal procedural law governs." (citation omitted)). The Court, therefore, analyzes the Motion and Amended Complaint under the Federal Rules of Civil Procedure. *See Caster*, 781 F.2d at 1570 ("[U]nder *Hanna* a federal court need not adhere to a state's strict pleading requirements but should instead follow Fed. R. Civ. P. 8(a)."); *Follenfant v. Rogers*, 359 F.2d 30, 32 (5th Cir. 1966) ("[S]tate rules of practice are not applicable to, or binding on, trials in federal courts. In matters of pleading, federal courts are not governed by the state practice, but by the Federal Rules of Civil Procedure." (footnote omitted)).

"The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the facial sufficiency of a complaint." *Gio Pizzeria & Bar Hosp., LLC v. Certain Underwriters at Lloyd's, London*, 542 F. Supp. 3d 1335, 1338 (S.D. Fla. 2021). To adequately plead a claim for relief, Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Caster*, 781 F.2d at 1570 (noting that the Rule 8 standard is "[i]n contrast to Florida's strict pleading requirements"). "This requirement means the complaint need only 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Caster*, 781 F.2d at 1570 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When determining

whether a claim has facial plausibility, "a court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

## III. DISCUSSION

As noted above, Defendant moves to dismiss the Amended Complaint because Plaintiff failed to attach to it the relevant insurance policy. *See generally* ECF No. [12]. Regardless of whether this omission would violate Florida Rule of Civil Procedure 1.130(a),[3] it is not an appropriate ground for dismissal now that this case has been removed to federal court. Plaintiff is correct that the Federal Rules contain no corollary to Florida Rule 1.130(a); instead, the Federal Rules require only that a complaint include "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), showing "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570.

Although the Amended Complaint is a brisk two pages, *see* ECF No. [1-2], it meets the Rule 8 standard. In it, Plaintiff alleges that: (1) a driver negligently caused a rear-end collision with him; (2) he was not at fault for the collision; (3) an uninsured/underinsured motorist insurance policy that Defendant issued covered the car he was driving when the collision occurred; (4) the terms of that insurance policy obligate Defendant to pay all covered losses resulting from the negligence of the negligent driver; and (5) he suffered injuries and losses because of the collision. ECF No. [1-2]. Those facts are sufficient to "give the defendant fair notice of what" his "claim is and the grounds upon which it rests," which is all Rule 8 requires. *See Conley*, 355 U.S. at 47; *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512, 514 (2002) (noting that Rule 8(a)'s "simplified

---

[3] Florida Rule of Civil Procedure 1.130(a) notes that "contracts . . . on which action may be brought or defense made, or a copy thereof or a copy of the portions thereof material to the pleadings, must be incorporated in or attached to the pleading." Fla. R. Civ. P. 1.130(a).

notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims," not on motions to dismiss). It bears noting that Defendant does not challenge the sufficiency of the factual allegations within the Amended Complaint, only the failure to attach the insurance policy.

IV. **CONCLUSION**

Because the Federal Rules of Civil Procedure apply to this removed action, and because the Amended Complaint satisfies the simplified, liberal notice pleading standard of Rule 8(a), the Motion is **DENIED**. Defendant shall file an Answer to the Amended Complaint, ECF No. [1-2], no later than **May 10, 2024**.

**DONE AND ORDERED** in Chambers in Miami, Florida on April 26, 2024.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All counsel of record